(105 So. 896)

**KERSHAW MINING CO. v. LANKFORD.**
(6 Div. 369.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. **Evidence ⬤171, 502—Witness testifying to worth of land may be questioned as to what he assessed it for, for purpose of contradicting him.**

In an action for damages to land from waste deposits flowing on land from defendant's mine, where husband of plaintiff testified to worth of land before and after such deposits, *held*, he was properly cross-examined as to what he had assessed it for before deposits began, in connection with offer to show he had assessed it for a lower figure; fact called for being material contradiction of witness and being collateral matter only, the assessment return as best evidence was not required.

2. **Witnesses ⬤393(1)—Witness testifying to worth of land could not be contradicted by showing testimony in previous case, where injuries to land not shown the same.**

In suit for damages from deposits flowing onto plaintiff's land from defendant's mine, where witness testified as to worth of land before and after such deposits, *held* such witness could not be contradicted by showing testimony

in another case that adjoining land was worth a lower figure, since it was not made to appear injurious effects to land were the same in both cases.

3. **Damages ⬤184—Damages cannot be based on mere guesswork or inference.**

There must be evidence of existence and extent of damages and some data from which they may be computed, and no substantial recovery may be based on mere guesswork or inference.

4. **Damages ⬤184—Jury cannot arbitrarily apportion to defendant damages resulting from separate causes, where no evidence as to portion of damages resulting from such separate causes.**

Where there is evidence that damage was caused from various causes, as to portion of which defendant cannot be held responsible, and no evidence as to the portion of the damages resulting from the separate causes, the proof is too uncertain to permit the jury arbitrarily to apportion a part or all of proved damages to the act for which defendant is responsible.

5. **Mines and minerals ⬤125—Defendant not liable for washings deposited on plaintiff's land without some evidence of amount of his contribution to damages by others.**

No recovery could be had against defendant for waste deposited on plaintiff's land from washings from defendant's mines, where most of the deposit was probably from mines of others, with no evidence as to extent of defendant's contribution.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action by M. A. Lankford against the Kershaw Mining Company for damages alleged to have been caused by defendant in dumping débris, etc., into a stream, resulting in the overflow of plaintiff's lands and deposit of débris thereon. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

J. Carl Shepherd, of Berry, and W. F. Finch, of Lake Worth, Fla., for appellant.

Where a person has made contradictory statements, it is competent to impeach such witness by showing such contradictory statements. It is, also, competent to impeach a witness by showing that he testified to a fact in one case and testified differently in the case at bar. Jones v. State, 141 Ala. 55, 37 So. 390; Stinson v. Faircloth-Byrd Co., 3 Ala. App. 607, 57 So. 143; Phillips v. State, 11 Ala. App. 168, 65 So. 673; Sou. Ry. v. Smith, 177 Ala. 367, 58 So. 429; Harris v. State, 2 Ala. App. 116, 56 So. 55. Where, as here, a number of coal mines are being operated on the waters above plaintiff's land, the jury cannot reach a fair verdict without taking into consideration the fact of such operation. Tutwiler C. C. & I. Co. v. Nichols,

146 Ala. 364, 39 So. 762, 119 Am. St. Rep. 34; Jones v. T. C. I. Co., 202 Ala. 381, 80 So. 463; T. C. I. Co. v. Wilhite, 211 Ala. 195, 100 So. 135.

M. E. Nettles, of Jasper, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] The witness Lankford, husband of plaintiff, testified that before the land was affected by waste deposits from coal mines it was worth $75 an acre; and that before the last freshet, which caused an additional deposit which is the basis for this suit, the land was worth $45 an acre. It was proper for defendant to ask him on cross-examination what he assessed it for that year, the year before the deposits began, in connection with its offer to show by the witness that "he assessed it for not over $20 an acre that year and swore to it." The assessment thus proposed to be shown was the act of the witness himself, a declaration of value grossly contradictory of his testimony in this case. The fact called for was relevant as a material contradiction, and, being a merely collateral matter, the best evidence —the assessment return—was not required. This case is distinguished from Corona Coal Co. v. Corry, 209 Ala. 503, 96 So. 581, where the principle of admissibility was recognized, but the question to the plaintiff, "What valuation were you paying taxes on?" was held to be improper "unless it appeared that plaintiff himself had returned or suggested the valuation upon which he was paying taxes."

[2] Plaintiff's witness, Whit Myers, testified that prior to March 24, 1923, the date of the last freshet and deposit, this land was worth $40 to $50 an acre, and that immediately afterwards it was worth $25 to $30. On cross-examination he testified that "this land, with reference to character, is about the same land as the Jim King land," which he had cultivated and which was right above this land.

Defendant proposed to contradict this witness by showing that in a suit by King against this defendant for injury to the King land, on the same issue as is here presented, the witness testified that prior to the last freshet, 1923, the King land was worth $25 to $30 an acre, a proper predicate having been laid. Defendant's theory as to this mode of contradiction is correct, but we think the witness' former testimony was not admissible in this case, because it was not made to appear that the injurious effects of prior overflows were substantially the same for the King and the Lankford tracts.

[3-5] It seems clear that in this case by far the greater part of the damage to plaintiff's land was done by washings from other and larger coal mines, nearer at hand than defendant's.

"Where actual pecuniary damages are sought, there must be evidence of their existence and extent, and some data from which they may be computed. No substantial recovery may be based on mere guesswork or inference, without evidence of facts, circumstances, and data justifying an inference that the damages awarded are just and reasonable compensation for the injury suffered. Where there is evidence as to damage from various causes, as to a portion of which defendant cannot be held responsible, and no evidence as to the portion of the damages resulting from the separate causes, the proof is too uncertain to permit the jury arbitrarily to apportion a part or all of the proved damages to the act for which defendant is responsible." 17 Corpus Juris, 758.

We call attention to these principles, which seem pertinent to this case, in order that they may be given due application on another trial.

There are possibly one or two other errors shown by the record, but we need not consider them, as they will scarcely recur in the same form.

For the error noted, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.