259 So.2d 250

**BRUNO'S FOOD STORES, INC.**

**v.**

**Royce G. BURNETT.**

**6 Div. 875.**

Supreme Court of Alabama.

March 16, 1972.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

George S. Brown, Birmingham, for appellee.

MADDOX, Justice.

This appeal is from a judgment in the sum of $47,500 awarded plaintiff pursuant to a jury verdict in his favor in this personal injury action arising out of a collision between plaintiff's vehicle and a truck driven by defendant's agent. Defendant's motion for new trial was overruled.

Bruno's Food Stores, Inc., appellant here, argues two grounds of the motion for new trial: (1) That one of the trial jurors, Rosie L. Catlin, failed to respond to questions asked on preliminary examination concerning whether any juror had been a plaintiff in a lawsuit; (2) The excessiveness of the jury verdict.

Prospective jurors were asked questions about any prior lawsuits in which they were a plaintiff or defendant. Rosie Catlin, a black woman who worked in a school lunchroom, failed to respond, even though she had been injured several years previously in an automobile acccident, had sued, and recovered damages through a settlement agreement, and the case never came to trial.

At the hearing on the motion for new trial, juror Catlin was examined extensively on the question of her failure to answer the question when the prospective jurors were being interrogated. At one point juror Catlin said she did not "understand," and that she was "scared."

The trial court applied our recent case of Freeman v. Hall, 286 Ala. 161, 238 So. 2d 330 (1970), and concluded no *probable prejudice resulted* from juror Catlin's failure to respond to questions on voir dire.[1]

---

1. The trial court found, in part, on motion for new trial:

"  .  .  .  Intensive interrogation of this juror failed to disclose any reasonable basis for her failure to answer the several questions of this kind. The Court endeavored diligently to ascertain whether the juror's failure to an-

The trial judge was in the best position to determine whether there was probable prejudice in this particular case. He did not abuse his discretion. Consequently, no error is shown.

Neither is prejudicial error shown on the question of the excessiveness of the verdict. The plaintiff introduced evidence of permanent injury, pain and suffering and substantial loss of earning power. He had worked as an iron worker, making as much as $5.85 per hour prior to the accident. His salary as a security guard after the accident when he was able to go back to work was $1.60 per hour. His life expectancy at the time of trial was 16.43 years.

We need not extend this opinion to restate all the rules which apply to a ground of a motion for new trial, that the jury verdict is excessive. We refer simply to Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689 (1963) where the rules are summarized and supporting cases are cited.

The judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

swer was motivated by some improper desire to render a verdict for some other person who had been hurt. Quite a number of times the juror answered that she was "afraid" or "scared." The Court in these proceedings has studied this juror closely and is of the opinion that her action is almost unbelievable and accordingly after she was thus interrogated and was given an opportunity to employ counsel, the Court charged her with contempt of court and fined her $15.00 and she paid it. At one time the Court had in mind to punish her with a jail sentence and would have done so if the Court had not concluded in the end that her improper conduct was induced by *ignorance* and *timidity* rather than by some improper motive." (Emphasis added.)

\*  \*  \*  \*  \*

" . . . It can be seen that there could be instances in which the situation would be such that prejudice to a party, although not proven by affirmative testimony, would be presumed under given circumstances. In this particular instance, the Court points out that there does not appear to be any basis for a presumption of prejudice to the defendant in this case by reason of the presence of the juror Catlin on the jury that tried the case. The entire proceedings, including some of the matters which occurred in the jury room as respects the juror Catlin and her lack of any affirmative action in support of a high verdict for the plaintiff, have been affirmatively shown. In addition, the Court has given a close study to this juror's personality and reactions in an extensive interrogation of her at the time that the Motion for a New Trial was first argued and at a later time when this juror was interrogated by the Court and was given a fine of $15.00 for failure to follow the Court's directions in the matter of making answer to questions. This experience has clearly demonstrated that this juror is of a negative type and is timid and not the kind or type that would be expected to take any active part in the deliberations of a jury of which she was one of the number."