Four issues are presented to this Court for review by defendant Burroughs Corporation. They are: whether there was an abuse of discretion by the trial court in its decision to deny Burroughs' motion for new trial because the jurors failed to respond to voir dire questions; whether the trial court committed prejudicial error in sustaining objections to the admissibility of Burroughs' Exhibit L, a business memorandum of a meeting between Hall Affiliates' programmer *Page 1350 
and Hall Affiliates' president relating to a discussion of programming and alleged problems; whether the trial court committed prejudicial error in sustaining Hall Affiliates' objections to questions asked by Burroughs of Mr. McCleery, president of the programming firm engaged by Hall Affiliates for the purpose of comparing the Burroughs equipment with competitive equipment of other manufacturers; and, finally, whether there was sufficient evidence to support a verdict of intentional or reckless fraud and to support the punitive damages award.
This suit stems from the purchase of a Burroughs B80 (or B80-40) computer system. The system was purchased from appellant Burroughs by appellee Hall Affiliates, one of thirteen affiliated corporations engaged in the business of importing artificial flowers. The contract for the purchase of the B80 computer and a terminal display (TD) unit was signed on December 8, 1977, with anticipated delivery scheduled for later in 1978. Contracts for a line printer and disc drive were signed on March 28, 1978.
On December 6, 1977, two days before the contract was signed for the purchase of the computer and terminal display, Hall Affiliates entered into a programming agreement with the programming firm Winston T. McCleery Consultants, to design customized programming for inventory and accounting purposes.
Hall Affiliates filed suit in August 1978, seeking damages of $500,000 for false and fraudulent representation and breach of warranty and contract. The facts which Hall Affiliates charged Burroughs materially misrepresented related to the capabilities of the B80 computer system. The specific representations alleged were:
1. The B80-40 would perform the accounting functions of Hall Affiliates and the inventory functions at the same time.
2. The B80-40 was capable of multiprogramming (running two programs simultaneously).
3. The B80-40 was capable of operating a TD in a data communications environment.
4. The B80-40 and all of its component parts, including the fixed drive disc, were new.
Burroughs filed a counterclaim seeking approximately $64,000 from Hall Affiliates as unpaid purchase price.
The trial court sustained repeated objections to the admissibility of Burroughs' Exhibit L, a business memorandum of a meeting between Brian McGuire of the programming firm and Mr. Hall, president of Hall Affiliates. The trial court likewise sustained objections by counsel for Hall Affiliates to questions asked by counsel for Burroughs comparing the Burroughs equipment with competitive equipment of other manufacturers.
The jury verdict awarded Hall Affiliates $500,000 on the fraud cause of action, the full amount sought. The verdict disallowed Burroughs any recovery on its counterclaim.
During the voir dire examination of the jury venire, Burroughs' attorney submitted two questions which were asked by the trial judge. One was whether the jurors or their family members had ever brought or begun lawsuits. The other was whether the jurors or their family members had ever been sued for non-payment of a bill.
After the verdict was returned, Burroughs learned that five of the 12 jurors, or their spouses, had been involved in prior litigation. At the hearing ore tenus on motion for a new trial, the three affidavits submitted by Burroughs, stating that the voir dire questions were formulated because the information sought by them would be used in exercising jury strikes, were stricken upon motion of Hall Affiliates. Burroughs called no witnesses at this hearing. Hall Affiliates called the five jurors made the subject of Burroughs' motion for a new trial and the jury foreman. The trial court judge entered detailed and specific findings of fact, including a finding that there was no probable prejudice to Burroughs in his *Page 1351 
order denying Burroughs' motion for new trial and judgment notwithstanding the verdict. We affirm conditionally.
 Voir Dire Examination
One of the central issues in this case concerns the failure of five jurors to respond to questions submitted by appellant's counsel and asked by the trial judge during the voir dire examination of the jury venire. Counsel for Burroughs contends that because the prospective jurors failed to answer the questions, appellant was unable to utilize its jury strikes effectively and was, therefore, prejudiced and is entitled to a new trial. Burroughs relies on the case of Ex parte Ledbetter,404 So.2d 731 (Ala. 1981), wherein this Court reversed both the Court of Criminal Appeals and the trial court and held that the trial court erred in not granting a new trial. In that decision, this Court stated that on the issue of whether the petitioner was prejudiced by a juror's failure to respond to a question during voir dire, the "test is whether the petitioner might have been, not whether he actually was prejudiced." Id.
at 733.
The earlier case of Freeman v. Hall, 286 Ala. 161,238 So.2d 330 (1970), did not address the effect of an improper answer or failure to answer questions on voir dire which had they been answered properly would have disclosed a challenge for cause.286 Ala. at 167, 238 So.2d 330. Rather, Freeman established the standard to which this Court must adhere in reviewing the trial court in those circumstances. Quoting from Freeman:
 "We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant. This appears to be the general rule throughout the country. . . .
 "There is broad support for the proposition that the trial court's application of the probable prejudice test is subject to review only for abuse of discretion. . . .
 "This rule comports with logic and common sense. The trial judge heard the questions posed on voir dire and answers thereto. He is in the best position to make findings on the question of probable prejudice after the testimony is developed orally, or by affidavit, on new trial motion. His conclusions are then subject to our review for abuse of discretion.
* * * * * *
 "We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors.
 "To re-emphasize, we say that we will review the trial court's ruling on motion for new trial predicated on jurors' improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice." [Footnote omitted.]
286 Ala. at 166-167, 238 So.2d 330.
This Court reaffirmed these tenets expressed in Freeman in a recent decision, Estes Health Care Centers, Inc. v. Bannerman,411 So.2d 109, 111 (Ala. 1982).
At the hearing on motion for new trial, the trial judge heard the testimony of the five witnesses who had failed to respond to the questions during the voir dire examination. In denying appellant Burroughs' motion for judgment notwithstanding the verdict or in the alternative a new trial, he found and concluded:
 "The court has carefully considered all the testimony and other evidence offered at the hearing on the Motion for New Trial and the Court has also considered the law submitted by all parties, including the following statements taken from cases submitted by plaintiff:
 "`It is impartial jury trial, not complete voir dire questioning, that is the ultimate right involved. Where, in the sound discretion of the trial court an infraction of the latter has no material *Page 1352 
impact upon the former, no prejudicial error has occurred.' Anderton v. Montgomery, [607] 609 P.2d [828] 28, 835 (Utah S.C. 1980).
 "`. . . The desideratum back of all lawsuits is the achievement of a fair and impartial trial rather than the almost impossible attainment of perfect procedures in a world of honest and well-meaning, but imperfect, human beings.' Laugherty v. Newcomb, (U.S.C.O. E.C. Tennessee, N.D. 1962) 237 F. Supp. 524, 529.
 "The Court finds that as to Jurors Ruth Williams, Dorothy Cochran, Geneva Jones and Jennie Green none of these jurors remembered the suits complained of so that there was no probable prejudice to the defendant because any of these jurors did not properly respond to the questions asked. The Court further finds that Juror Paul Trauner made an honest inadvertent mistake in his construction of the question asked and that in view of the testimony of the Jury Foreman that the vote was twelve (12) to zero (0) for the Plaintiff under Count One of the Complaint and ten (10) to one (1) for the full amount with one abstention on the first vote and that the Jurors considered only the evidence offered at the trial and the law submitted to them by the Court; the Court finds that there was no probable prejudice to the Defendant by Juror Trauner not responding to voir dire in the manner that Defendant has asserted as error.
 "The Court further finds that the evidence which the Court heard during the trial of this cause amply supports the verdict and that it would have been difficult for the Defendant to find any unbiased juror anywhere who would have ruled differently from the present jury."
Even though the number of jurors failing to respond to voir dire questioning in this case is unusually large, four of the five jurors who failed to respond testified they did not remember the facts inquired about. We have held that when a juror does not remember particular facts inquired about on voir dire questioning, this does not constitute probable prejudice.Freeman v. Hall, 286 Ala. at 165-167, 238 So.2d 330; Miller v.Samples, 291 Ala. 533, 535, 283 So.2d 424 (1973). The fifth juror misunderstood the voir dire question and we have held that when such is the case, it is not probable prejudice.Freeman v. Hall, 286 Ala. at 165-167, 238 So.2d 330; EstesHealth Care Centers, Inc. v. Bannerman, supra, at 112. Another consideration in this case is the temporal remoteness of the facts inquired about, which in this case ranged from incidents that occurred as early as 1970 and as recent as 1976. Freemanv. Hall, 286 Ala. at 176, 238 So.2d 330; Martin v. Mansell,357 So.2d 964, 967 (Ala. 1978). A final consideration in this case is the implicit finding by the trial judge that there was an absence of any improper motive of any one of the five jurors in failing to respond. Bruno Food Stores, Inc. v. Burnett,288 Ala. 222, 223, 224, 259 So.2d 250 (1972). Therefore, since the trial court has included in the record such express findings on the question of probable prejudice, a practice suggested inAlabama Power Company v. Hussey, 291 Ala. 586, 591,285 So.2d 92 (1973), and because the trial court judge was in the best possible position to determine whether there was probable prejudice in this particular case, Bruno Food Stores, Inc. v.Burnett, 288 Ala. at 224, 259 So.2d 250, this is sufficient for this Court to conclude that the trial judge, in this instance, did not abuse his discretion in not granting a new trial.
 The Alleged Business Memorandum and the Disallowed Questioning of Winston McCleery as a computer expert.
Appellant Burroughs argues that the trial court committed reversible error in sustaining objections to Exhibit L, which it contends was a business memorandum and should have been admitted into evidence. Exhibit L was a memorandum prepared by Brian McGuire of the programming firm engaged by Hall Affiliates to design an appropriate program for the B80 computer. The memorandum detailed the meeting between Hall Affiliates' president, Mr. Hall, *Page 1353 
and Brian McGuire, of the programming firm, concerning the programs for the recently purchased Hall Affiliates computer. Winston T. McCleery, president of the programming firm, testified at the trial that his firm had a policy and practice of writing memoranda of meetings and occurrences with clients and this memorandum was prepared and maintained in accordance with that regular business practice.
It is not essential for us to determine whether Exhibit L was, in fact, a business memorandum and, therefore, was improperly excluded from evidence, because the exclusion of Exhibit L, in this instance, constitutes error without injury as set forth in Rule 45 of the Alabama Rules of Appellate Procedure. Rule 45 reads as follows:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges of the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Since the information which Burroughs attempted to admit into evidence as set out in Exhibit L was in essence admitted in the oral examination of Winston McCleery, we find any potential error in the trial court's disallowance of the memorandum into evidence has not "probably injuriously affected" Burroughs' rights.
Appellant Burroughs likewise contends that the trial court erred in sustaining Hall Affiliates' objections to questions asked by appellant of Mr. McCleery which would have elicited a comparison of the Burroughs equipment with competitive equipment of other manufacturers. The trial court properly excluded the testimony of McCleery by which Burroughs sought to compare the B80 computer in question on the basis that neither was the witness shown to be qualified as an expert nor was a proper predicate for such testimony ever laid. Whether or not a particular witness will be allowed to testify as an expert is in the sound discretion of the trial court, whose decision will not be disturbed on appeal except for palpable abuse. Meadowsv. Coca-Cola Bottling, Inc., 392 So.2d 825, 827 (Ala. 1981);See also Gamble, McElroy's Alabama Evidence § 127.01 (5) (3d ed. 1977). Reviewing the record, we find no such palpable abuse; therefore, the trial court did not err in sustaining appellee's objections relating to Mr. McCleery's testimony concerning a comparison of the B80 with comparable computers.
 The Fraud Evidence and Punitive Damages Award
The critical elements of an action for fraud under the terms of Code 1975, § 6-5-101, are: (1) a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result, regardless of whether the representations were made willfully, recklessly or mistakenly. International Resorts, Inc. v.Lambert, 350 So.2d 391, 394 (Ala. 1977); Nobility Homes, Inc.v. Ballentine, 386 So.2d 727, 730 (Ala. 1980). We are satisfied from the record of this case that each of these elements is present and therefore, the trial court correctly submitted the issue of fraud to the jury for its consideration. Although Burroughs argues that the evidence in this case is insufficient to prove intentional or reckless falsity as to the representations made concerning the capabilities of the B80 computer, we reiterate the two standards utilized by this Court in reviewing evidentiary challenges:
 "For the sake of clarity, we restate the familiar: Other than objections to admissibility, evidentiary challenges are divided into two separate and distinct categories: (1) sufficiency of the evidence, raised by motions for directed verdict and for J.N.O.V. and measured by the objective `scintilla' rule; and (2) weight and preponderance *Page 1354 
of the evidence, raised by motion for a new trial, and measured by the more subjective `palpably wrong, manifestly unjust' standard."
Casey v. Jones, 410 So.2d 5, 8 (Ala. 1982).
Likewise, where the sufficiency of the evidence to support the verdict is at issue, only the tendencies of the evidence most favorable to the verdict are reviewed; and such inferences as the jury was free to draw are indulged. W.T. Ratliff Co. v.Purvis, 292 Ala. 171, 178, 291 So.2d 289 (1974); First SouthernFederal Savings Loan Association of Mobile v. Nicrosi,333 So.2d 780, 782 (Ala. 1976). In dismissing a motion for judgment notwithstanding the verdict or for a new trial in the alternative as to the issue of fraud, we believe the trial court's action was proper.
The fact that Hall Affiliates acted on Burroughs' false representations supports a finding of legal fraud under the terms of Code 1975, § 6-5-101; however, we must determine whether these misrepresentations warrant the imposition of punitive damages.
We have held that an intentional misrepresentation, made either with knowledge of its falsity or reckless disregard as to its truth, is considered in this state as the variety of fraud which will support punitive damages. Ex parte Smith,412 So.2d 1222, 1223, 1224-1225 (Ala. 1982); Ex parte Lewis,416 So.2d 410 (Ala. 1982); see Shiloh Construction Co. v. MercuryConstruction Corp., 392 So.2d 809 (Ala. 1981). The facts of this case do not evince either the requisite intent or malice to warrant punitive damages. Instead, the facts indicate that the sales agents of appellant Burroughs Corporation improperly assessed the computer needs of Hall Affiliates and recommended a computer model with insufficient capacity to handle the processing requirements of appellee. It was never shown that the B80 computer could not multi-program or operate a remote terminal display; only that the B80 could not do so as the specialized program designed for Hall Affiliates required. Only when efforts to increase the capacity of the existing system proved unsuccessful did Burroughs suggest that a larger, more powerful computer was needed. This fact, and the fact that the disc drive had been previously used in a demonstration without any noticeable wear does not indicate to us that a misrepresentation was intentionally made to the injury of Hall.
The evidence in this case supports an award of compensatory damages only. We, therefore, require a remittitur of $408,129.13 (Hall Affiliates' recompensable damage amounts to only $91,870.87; the remainder of the verdict awarded was punitive damages) of the damages as a condition to affirmance of the order denying appellant's motion for new trial. In the event appellee declines to file the required remittitur with the clerk of this Court within twenty-one days from the day of this opinion, the judgment will be reversed and the case remanded for a new trial. Otherwise, the judgment as corrected on remittitur will be affirmed.
AFFIRMED CONDITIONALLY.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
BEATTY, J., did not sit during oral arguments; however, he has listened to the tape recording of the arguments and studied the briefs.
FAULKNER, J., dissents.