The plaintiffs, who were property owners in Walker County, Alabama, brought suit against Gayosa Coal Company, Inc., Nelson Brothers, Inc., and the University of Alabama, for damage to plaintiffs' homes allegedly caused by blasting. The University of Alabama was dismissed. The plaintiffs reached a pro tanto settlement with Gayosa whereby Gayosa paid $9,375.00 damages as to each home.[1] Plaintiffs then proceeded to trial against Nelson Brothers only on counts of trespass, negligence, wantonness, and engaging in abnormally dangerous activity. The jury returned verdicts for the plaintiffs for $9,375.00 in compensatory damages for each house. Nelson Brothers did not file a post-trial motion for J.N.O.V. but did file a motion for a new trial, which was denied. Nelson Brothers appeals. We affirm.
During the course of the trial, the parties introduced conflicting testimony and other evidence regarding the existence and amount of damage to the plaintiffs' homes; regarding the number and dates of the "shots" put off by Nelson Brothers; regarding the nature, degree, and amount of technical assistance that Nelson Brothers provided to Gayosa on Gayosa's "shots"; and regarding the accuracy of the blasting log.
The first issue presented for review is whether it was reversible error for the trial court to give the following instruction on concurrent negligence:
 "If the negligence of two or more persons joined together to produce an injury, it is said to be concurring and combining. If you are reasonably satisfied from the evidence in this case that the defendant was negligent and that the defendant's negligence combined and concurred with the negligence of a third person not a party to this suit, the proximate cause of damage claimed by the plaintiffs that fact would not relieve the defendant from liability for its own negligence and the plaintiffs would be entitled to recover.
 "Now, if one is guilty of negligence which concurs and combines with negligence of another and the two combine to produce an injury or damage, each negligent person is liable for the resulting injury or damage and the negligence of each would be deemed to be the proximate cause of the injury."
The oral charge contains other instructions on concurrent negligence; however, Nelson Brothers contends that it objected to the portion of the oral charge set out above.
Plaintiffs contend that Nelson Brothers did not object to the trial court's charge on concurrent negligence and that Nelson *Page 1017 
Brothers waived any error by failing to object and to state its ground for objection.
In Louisville N.R.R. v. Garrett, 378 So.2d 668, 673-74
(Ala. 1979), we wrote:
 "In order to preserve an error in charging the jury for our review, it is necessary that the party make an objection and state the grounds therefor. ARCP 51 provides in pertinent part:
 " 'No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.' [Emphasis added in Garrett.]
 "The reason for the rule is to 'give the trial court an opportunity to correct the instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or [remediable] mistakes.' Feazell v. Campbell, 358 So.2d 1017, 1020 (Ala. 1978)."
Failure to object before the jury retires precludes raising the alleged error on appeal. Hancock v. City of Montgomery,428 So.2d 29 (Ala. 1983).
Nelson Brothers contends that the following objection made by it was sufficient to preserve the issue for appeal:
 "We want to object to the charge on joint and several liability as not being applicable at all in the case under the facts and circumstances and it attempts to emphasize something that the . . ., defendant, Nelson Brothers, may not be responsible for in anywise."
This is not a proper objection to the charge on concurrent negligence. Nor is the ground that "it attempts to emphasize something that . . ., Nelson Brothers may not be responsible for in anywise" a proper ground for such objection.
Further, we are persuaded that the evidence introduced presented a jury question as to the combining and concurring negligence of Nelson Brothers and Gayosa.
A tort-feasor whose negligent act or acts proximately contribute in causing an injury may be held liable for the entire resulting loss. Beloit Corp. v. Harrell, 339 So.2d 992,995 (Ala. 1976); Butler v. Olshan, 280 Ala. 181, 191 So.2d 7
(1966); see also Prosser, Law of Torts, at 291-323 (4th ed. 1971), and Restatement Second of Torts § 879 (1979) ("If the tortious conduct of each of two or more persons is a legal cause of harm that cannot be apportioned, each is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive").
After studying Nelson Brothers' briefs, we believe that its problem with the oral charge was not with what the trial court gave, but with what it failed to give.
 " 'Where there is evidence as to damage from various causes, as to a portion of which defendant cannot be held responsible, and no evidence as to the portion of the damages resulting from the separate causes, the proof is too uncertain to permit the jury arbitrarily to apportion a part or all of the proved damages to the act for which defendant is responsible.' "
Kershaw Mining Co. v. Lankford, 213 Ala. 630, 105 So. 896, 897
(1925), quoting 17 Corpus Juris 758.
Nelson Brothers' stated ground of objection (i.e., "it attempts to emphasize something that the . . ., defendant, Nelson Brothers, may not be responsible for in anywise") was not sufficiently clear to call the trial court's attention to this omitted rule of law.
Nelson Brothers next contends that the jury award of damages to the plaintiffs is based on conjecture and speculation. There was evidence that the cause of the plaintiffs' damage was blasting by Gayosa and Nelson Brothers. All plaintiffs presented evidence of the fair market value of their property before and after the blasting. The proper measure of damages for property injury in a tort action is the difference between the fair market value of the property before the injury and the fair market value after the injury. Dooley v. Ard Oil Co.,444 So.2d 847 (Ala. 1983). *Page 1018 
There was evidence that each home sustained at least $20,000.00 in damages.
Nelson Brothers argues the sufficiency of the evidence; however, since it did not file a motion for J.N.O.V., it has not preserved the right to attack the sufficiency of the evidence in its jury trial in this appeal. Great Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala. 1979). Evidentiary challenges, except on grounds of admissibility, are divided into two separate and distinct categories: sufficiency of the evidence raised by motions for J.N.O.V. and measured by the "scintilla" evidence rule; and weight and preponderance of the evidence raised by a motion for a new trial and measured by the "palpably wrong and manifestly unjust" standard. BurroughsCorp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala. 1982).
Our standard of review is whether the jury verdict, which we assume to be correct, is so against the great weight of the evidence that it is palpably wrong and manifestly unjust.
The jury's verdict was $9,375.00 for each home. This was less than the evidence of the damage to each home after discounting the amount received from Gayosa. The trial court gave the following instruction, to which there was no objection:
 "In awarding damages in this case, your verdict must not be based upon mere speculation or conjectures, but must be based upon the evidence as a just and reasonable inferences shown thereby [sic].
 "Now the plaintiffs originally made a claim against Gayosa Coal Company, Inc. for blasting damages. The plaintiffs in consideration of the total sum of Seventy-five Thousand Dollars ($75,000.00), which paid Nine Thousand Three Hundred and Seventy-five Dollars ($9,375.00) to each of the plaintiffs, released Gayosa Coal Company, Inc. and reserved their right to proceed against the defendant, Nelson Brother's Inc. If you are reasonably satisfied from the evidence that the plaintiffs are entitled to recover in this case, then in arriving at the amount of damages to be awarded to the plaintiffs, you will determine from the evidence the total amount of damages suffered by each plaintiff and then give credit to each plaintiff in the amount of Nine Thousand Three Hundred and Seventy-five Dollars ($9,375.00) and render a verdict for the plaintiffs for the remaining balance.
 ". . . I charge you ladies and gentlemen of the jury that where actual pecuniary damages are sought, there must be evidence of their existence and extent and some data to which [sic] they may be computed. No substantial recovery may be made based on mere guesswork or inference without the evidence of fact, circumstances, and data justifying the inference that the damages awarded are just and reasonable compensation for the injury suffered."
There was evidence to support the amount of the jury's verdict, and the trial court charged that the verdict could not be based on mere speculation or conjecture and that the jury must deduct the amount the plaintiffs had received from Gayosa from the total amount of damage sustained by the plaintiffs. We cannot hold that the jury verdict is so against the weight of the evidence that it is palpably wrong and manifestly unjust.
Nelson Brothers, in support of its contention that the damages were based on conjecture and speculation, writes: "The law cannot be that where the plaintiff is unable to prove which defendant proximately caused the damage that the plaintiff is therefore entitled to recover against any of the defendants." The law is what Nelson Brothers states that it cannot be. InSummers v. Tice, 33 Cal.2d 80, 199 P.2d 1, 3 (1948), the textbook case on this point of law, the Supreme Court of California wrote:
 "Dean Wigmore has this to say: 'When two or more persons by their acts are possibly the sole cause of a harm, or when two or more acts of the same person are possibly the sole cause, and the plaintiff has introduced evidence that one of the two persons, or one of the same *Page 1019 
person's two acts, is culpable, then the defendant has the burden of proving that the other person, or his other act, was the sole cause of the harm. (b) * * * The real reason for the rule that each joint tortfeasor is responsible for the whole damage is the practical unfairness of denying the injured person redress simply because he cannot prove how much damage each did, when it is certain that between them they did all. . . . Since, then, the difficulty of proof is the reason, the rule should apply whenever the harm has plural causes, and not merely when they acted in conscious concert. * * *' (Wigmore, Select Cases on the Law of Torts, sec. 153.) Similarly Professor Carpenter has said: '[Suppose] the case where A and B independently shoot at C and but one bullet touches C's body. In such case, such proof as is ordinarily required that either A or B shot C, of course fails. It is suggested that there should be a relaxation of the proof required of the plaintiff * * * where the injury occurs as the result of one where more than one independent force is operating, and it is impossible to determine that the force set in operation by defendant did not in fact constitute a cause of the damage, and where it may have caused the damage, but the plaintiff is unable to establish that it was a cause.' (20 Cal. L. Rev. 406).
 "When we consider the relative position of the parties and the results that would flow if plaintiff was required to pin the injury on one of the defendants only, a requirement that the burden of proof on that subject be shifted to defendants becomes manifest. They are both wrongdoers — both negligent toward plaintiff. They brought about a situation where the negligence of one of them injured the plaintiff, hence it should rest with them each to absolve himself if he can. The injured party has been placed by defendants in the unfair position of pointing to which defendant caused the harm. If one can escape the other may also and plaintiff is remediless. Ordinarily defendants are in a far better position to offer evidence to determine which one caused the injury."
In Beloit Corp. v. Harrell, supra, at 995, Justice Jones wrote:
 "A basic principle of tort law, so fundamental as to require no citation, is that a tort-feasor whose act or acts contribute in causing an injury may be held liable for the entire resulting loss. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7 (1966); see also Prosser, Law of Torts, 4th Ed., pp. 291-323 (1971)."
Nelson Brothers' next issue is: "Did the trial court commit reversible error by failing to give the Appellant's Requested Jury Charge Number 34?" That requested charge is as follows:
 "I charge you, ladies and gentlemen of the jury, that where there is evidence as to damage for [sic] various causes, as to a portion of which defendant cannot be held responsible, and no evidence as to the portion of the damages resulting from the separate causes, the proof is too uncertain for you to arbitrarily apportion a part or all of the approved [sic] damages to the act for which Nelson Brothers is allegedly responsible. If you find from the evidence in this case that Gayosa was responsible for some of the damages, but you cannot determine from the evidence which portion Nelson Brothers might be responsible for, if any, then you must find for defendant, Nelson Brothers, and against the plaintiffs."
Mr. Justice Somerville in Kershaw Mining Co. v. Lankford,213 Ala. 630, 105 So. 896, 897 (Ala. 1925), quoted the following from 17 Corpus Juris 758:
 "Where there is evidence as to damage from various causes, as to a portion of which defendant cannot be held responsible, and no evidence as to the portion of the damages resulting from the separate causes, the proof is too uncertain to permit the jury arbitrarily to apportion a part or all of the proved damages to the act for which defendant is responsible." (emphasis supplied)
Though this statement is dictum in Kershaw Mining, and Justice Somerville acknowledged that he was calling attention to *Page 1020 
these principles in order that they may be given due application on another trial, it is the law. However, it was not reversible error for the trial court to refuse to give requested Charge 34 because the last sentence of that requested charge does not correctly state the law. "[T]hat Gayosa was responsible for some of the damages" does not negate the fact that Nelson Brothers could also be responsible for thosesame damages under the doctrine of concurrent negligence. If so, then there is no need for evidence as to the portion of the damages resulting from the separate causes, for there are no "separate causes," and by authority of Beloit Corp. v. Harrell, supra, or Summers v. Tice, supra, Nelson Brothers could be held liable for the entire resulting loss. It is not reversible error for the trial court to refuse an erroneous, misleading, or confusing requested charge. Harris v. Martin, 271 Ala. 52,122 So.2d 116 (1960).
Nelson Brothers' last issues concern the trial court's permitting Steve Jordan to testify as an expert witness. The question of whether a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse. Burroughs Corp. v. Hall Affiliates, Inc.,423 So.2d 1348 (Ala. 1982). Jordan was an engineering geologist trained in the use of explosives. He had taught basics about blasting at the University of Alabama in Birmingham. He has some on-the-job blasting experience. We are persuaded that Jordan had expertise and knowledge beyond that of the average lay person, which could have been helpful to the jury. Jordan had testified as an expert in Alabama Power Co. v. Cummings,466 So.2d 99 (Ala. 1985), where his opinion was determined by this Court to constitute competent evidence as to the cause of injury in a land subsidence case. The trial court did not abuse its discretion in permitting Jordan to testify as an expert.
Nelson Brothers also argues that Jordan should not have been allowed to testify as to inconsistencies in the blasting log. Jordan testified that the condition of the blasting log was important to him in rendering his opinion. Jordan had to perform calculations to uncover certain of the inconsistencies, some of which were found as dates on which the log entries were signed by the Nelson Brothers blaster or were noted "Nelson Brothers shot." We cannot say that this testimony is in the realm of knowledge of the average lay person or that it was not helpful to the jury. Wal-Mart Stores, Inc. v. White,476 So.2d 614 (Ala. 1985). There was no error in permitting Jordan to testify as to these inconsistencies.
Having reviewed all of the issues raised by Nelson Brothers, we are of the opinion that the judgment should be affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Some of the plaintiffs were husbands and wives who jointly owned the home that was allegedly damaged. One plaintiff, James S. Title, died and his widow, Ola Hayes Tittle, was substituted as a party plaintiff. Her case was severed for trial at a later date.