MADDOX, Justice.
This appeal involves a claim for damages for injuries resulting from an automobile collision, and the only issue raised by the plaintiff/appellant, Mary Franklin Muggins, is whether the jury’s verdict for the defendants was supported by sufficient evidence. Plaintiff failed to move for a judgment notwithstanding the verdict; therefore, we have nothing to review. Briefly, the evidence tended to show that Muggins’s van and a truck driven by David Bruce Neeley collided on Highway 59 just north of Robertsdale, Alabama, on May 24, 1985. The truck driven by Neeley was *507 owned by Mobile Welding Supply Company, Inc. Testimony at trial was disputed. The collision occurred on a four-lane road. Several witnesses testified that Neeley made a right turn from the left lane and turned into Muggins’s vehicle, which was traveling in the same direction but in the right lane. Other witnesses said that Nee-ley was in the right lane when he made his right turn and that Muggins was driving on the shoulder in the grass when she hit Neeley’s truck as he made his right turn. The jury returned a verdict for the defendants, Neeley and Mobile Welding Supply. Muggins then appealed, without first filing a post-trial motion for J.N.O.V.
Muggins states in her brief that the jury “returned a verdict for the Defendants yet the preponderance of the evidence clearly supports Appellant’s position.” She is clearly arguing the sufficiency of the evidence; however, since Muggins did not file a motion for J.N.O.V., she has not preserved the right to attack the sufficiency of the evidence in this jury trial. Nelson Bros., Inc. v. Busby, 513 So.2d 1015, 1018 (Ala.1987); Great Atlantic & Pacific Tea Co. v. Sealy, 374 So.2d 877, 881 (Ala.1979).
Even if this Court were to reach the sufficiency of the evidence question, it is an established rule that a jury verdict cannot be set aside merely because the jury could have drawn different conclusions from conflicting evidence. As this Court stated in Harris v. Meadows, 477 So.2d 374 (Ala.1985):
“A jury verdict is presumed correct and will not be set aside unless it is without supporting evidence or is so contrary to the evidence as to render it wrong and unjust. Where the jury verdict is not plainly erroneous, we cannot consider other possible conclusions that might have been reached.”
In the present case, there was conflicting evidence sufficient to support a jury verdict for either party, and thus, it is not this Court’s place to second guess the jury, especially since we are without the benefit of hearing the witnesses and observing their demeanor.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.