238 So.2d 330

**Mrs. Irene H. FREEMAN and Ideal Mutual Insurance Co.**

**v.**

**H. J. HALL.**

**6 Div. 617.**

Supreme Court of Alabama.

Feb. 26, 1970.

After Remandment Aug. 6, 1970.

162

George S. Brown, Birmingham, for appellants.

Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellee.

**SIMPSON, Justice.**

This case was brought by the widow and dependent children of Robert S. Freeman, deceased, under the provisions of Title 26, § 312, Code of Alabama, seeking damages for the wrongful death of Robert S. Freeman. Ideal Mutual Insurance Company, the Workmen's Compensation carrier of the deceased, intervened in the case.

Essentially the facts out of which this case arose are as follows:

The decedent, at the time of the accident which resulted in his death, was a driver of a Sealtest Milk truck. He was en route to the milk plant. The accident occurred at the intersection of Third Avenue and Seventh Street, in the City of Birmingham. The bumper of the truck owned by appellee Hall struck the bumper of the milk truck, and the milk truck overturned, crushing the decedent.

The evidence is conflicting as to whether or not the milk truck which the decedent was driving observed the stop sign at the intersection or whether or not it pulled in front of the truck owned by Mr. Hall without having first stopped.

The case was submitted to a jury which returned a verdict in favor of the defendant. This appeal followed.

The appellants' brief sets out 91 pages of testimony in the narrative and they make 51 assignments of error. However, they argue only three assignments of error, none of which goes to the sufficiency of the evidence. It is first contended that the trial court erred in overruling an objection to what the appellants contend was improper argument by Mr. Hall's attorney. The closing arguments of counsel are not included in the transcript. The appellants argue that the trial court erred in overruling their objection to a statement made by the appellee's attorney wherein he said that " * * * if it was just 30 percent of his fault [Mr. Hall's fault], then he [plaintiff] would not be entitled to recover."

 It is impossible for us to determine in what context this statement was made. We do not have closing arguments before us. It is contended by the appellants apparently that this was improper argument in that it failed to apprise the jury on the law of subsequent negligence. Assuming without conceding that the argument referred to was improper for this reason, there was no error to reverse in overruling the objection to this portion of the argument inasmuch as the record clearly shows that the trial court fully and completely charged the jury on every issue in the case, including the doctrine of last clear chance or subsequent negligence. We do not believe that the statement made by the appellee's attorney in closing argument was so highly prejudicial, if prejudicial at all, as to require reversal on this ground. As so often noted, control of arguments of counsel rests largely in the discretion of the trial court before whom the

arguments were made. This court does not interfere with that discretion except in cases of clear abuse. We surely will not assume abuse of that discretion in a case where closing argument of counsel is not in the record. Louisville & Nashville Railroad Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Adams v. Queen Insurance Co. of America, 264 Ala. 572, 88 So.2d 331; Hinton & Sons v. Strahan, 266 Ala. 307, 96 So.2d 426; Southern Railway Co. v. Jarvis, 266 Ala. 440, 97 So.2d 549; Occidental Life Insurance Co. of California v. Nichols, 266 Ala. 521, 97 So.2d 879; St. Clair County v. Martin, 273 Ala. 302, 139 So.2d 617; Beavers v. Boykin, 273 Ala. 413, 142 So.2d 10; Campbell v. Davis, 274 Ala. 555, 150 So.2d 187.

■ The next argument made by the appellant is to the effect that the trial court erred in refusing to allow the appellant to put into evidence a drawing made by a draftsman of the intersection which was the scene of the accident. The drawing was admittedly made more than three years after the accident occurred. The scene depicted by the drawing was inconsistent with the testimony of witnesses in the case. The drawing positioned a witness' car at a point where the witness testified it was not. In addition, the evidence indicated that there were a telephone booth, telephone pole, and buildings which were not depicted in the drawing. The trial court, in sustaining objections to the introduction of the drawing, noted, "This is a one-sided drawing in that the dimensions are on one side and it is not shown that drawings there are like the conditions existing at the time of the accident". For this reason alone the trial court was justified in excluding this evidence. In addition, there were a great many photographs of the intersection introduced which were made at the time of the accident. Even if this drawing had correctly depicted the scene at the time of the accident, it would have merely been cumulative and we cannot say that the trial court abused his discretion in disallowing it. As indicated in

Crocker v. Lee, 261 Ala. 439, 74 So.2d 429, there is a distinction between the use of a drawing or diagram for purposes of illustration and the admission of such drawings as evidence. When such a drawing is introduced as evidence, it within itself tends to establish a particular fact. When used for illustration the testimony of the witnesses is evidence and the map or diagram is merely an aid to understanding that evidence. Here the plaintiff was allowed to use blackboard illustrations, drawn by the police officer who investigated the accident. We cannot say that he was prejudiced in not being allowed to introduce into evidence a drawing made more than three years after the accident, by a person who was unfamiliar with the conditions at the time of the accident, and which drawing failed to include some of the structures which witnesses testified existed at the scene.

The only additional contention made by appellant is that the trial court erred in refusing to grant a new trial on the ground that certain jurors failed to indicate in response to questions propounded by the attorneys for the parties whether any member of the venire had been plaintiffs or defendants in a lawsuit. On motion for new trial judgment certificates were introduced which showed that persons bearing the name of jurors who served had been defendants in lawsuits. One additional juror, Mrs. Garner, testified on hearing in the motion for new trial that she was unaware at the time the questions were put that her husband had been a defendant in a lawsuit brought by his stepfather some years ago. There was no error in denying motion for new trial with respect to this juror. However, with respect to the others, we must remand for the purpose of having the trial court determine whether the persons named in the judgment certificates were the persons who served on the jury.

■ Judgment certificates introduced show that persons named Dupree, Maddox, and Stone had been sued. Persons by

these names served on the jury. None of them responded to the question whether or not they had been plaintiffs or defendants in lawsuits. We have frequently held that the parties have a right to truthful answers to questions propounded on voir dire. Sanders v. Scarvey, 284 Ala. 215, 224 So. 2d 247, which followed Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289. The failure of prospective jurors to respond to questions properly propounded on voir dire entitles the movant to a new trial.

 In this case only the judgment certificates were introduced. Identity of name is prima facie evidence of identity of person. Wilson v. Holt, 83 Ala. 528, 3 So. 321; Esco v. State, 278 Ala. 641, 179 So.2d 766. No evidence was adduced below to rebut this presumption. For this reason we think the cause should be remanded to the trial court to ascertain whether or not Dupree, Maddox, and Stone who served on the jury are the defendants in the judgment certificates. The trial court should have its findings on this question, together with all the evidence taken on remandment, certified to this court within thirty days from this date.

Remanded with instructions.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

### AFTER REMANDMENT

PER CURIAM.

On original submission one of the appellant's contentions was that the trial court committed reversible error in overruling his motion for new trial predicated on the failure of three jurors who sat on the venire to give affirmative responses to certain questions propounded on voir dire. Those questions were:

"Have any of you ever been defendants or plaintiffs in a lawsuit?"

and

" * * * [W]hether you have been a plaintiff or defendant, either you or your husband, or someone in your immediate family; mother or father perhaps?"

We remanded for findings of additional facts. On remandment the trial court found that jurors Dupree and Maddox are the persons named in the judgment certificates and that while juror Stone is not so named, her father was named in one of the judgment certificates. Additional findings of facts were: that juror Dupree did not consider a collection suit for rent filed against him to be a lawsuit, and that he never went to court but settled the case; that juror Maddox denied ever being sued and was both incapable of understanding the questions put to him on voir dire and incapable of persuading any other juror during the jury's deliberations; that the two jurors were not influenced in their deliberations by the collection suits filed against them; that Juror Stone did not know of her father's lawsuit at the time of trial.

In the original opinion we said:

" * * * parties have a right to truthful answers to questions propounded on voir dire. Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247, which followed Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289. The failure of prospective jurors to respond to questions properly propounded on voir dire entitles the movant to a new trial."

These statements are a correct broad generalization, but certainly cannot be applied without regard to considering the factual background of a particular situation.

In Sanders v. Scarvey, supra (four personal injury suits consolidated for trial) we said:

"We agree with defendant's contention that parties have a right to have questions answered truthfully to enable them to exercise their discretion wisely in the use of their peremptory strikes. * * *

When jurors fail to answer questions correctly, a party is denied the exercise of that right. Morris v. Zac Smith Stationery Co., 274 Ala. 467, 149 So.2d 810; Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793; Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289; Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103, 30 A.L.R.2d 907.

"Our courts have held that the concealment by a juror of information called for in voir dire examination need not be deliberate in order to justify a reversal, for it may be unintentional, but insofar as *the resultant prejudice to a party* is concerned it is the same. Leach v. State, supra." [Emphasis supplied]

In that case three jurors failed to respond to voir dire questions whether any jurors or immediate members of their families had brought suit for damages arising out of an accident for personal injuries. We held reversible error. We did not specify upon which of the three jurors' failure to answer we reversed, nor did we say that each resulted in prejudice. We did say " * * * some of the failures to answer on voir dire might reasonably be explained away * * *." A careful reading of that opinion will reveal that at least one of the jurors (juror York) said that he did not know until after the trial that suit had been filed in his behalf. Undoubtedly, this was one failure to respond referred to in our opinion as being reasonably explained away.

In Leach v. State, supra, the Court of Appeals said that concealment by a juror that he had previously served as a deputy sheriff for fifteen years was so prejudicial that there was no need to consider whether it was deliberate or unintentional. In that case the defendant was being tried for assault with intent to murder a deputy sheriff.

■ Neither Sanders v. Scarvey, *Leach,* nor the original opinion in the instant case, is authority for the proposition that on voir dire *any* failure of *any* prospective juror to respond properly to *any* question *regardless of the excuse or circumstances* automatically entitles a party to a new trial or reversal of the cause on appeal.

■ We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant. This appears to be the general rule throughout the country [see Annotations, 38 A.L.R.2d 624, and 63 A.L.R.2d 1061]. In Leach v. State, 31 Ala.App. 390, 18 So.2d 285 (1944), the then Court of Appeals said:

"'* * * the fact that a juror answered falsely as to his qualifications is a recognized ground for a new trial' * * * —we would say, of course *where there was probable prejudice to the defendant* by such juror's conduct. * * *'" [Emphasis supplied]

There is broad support for the proposition that the trial court's application of the probable prejudice test is subject to review only for abuse of discretion. See Annotation, Effect of juror's false or erroneous answer on voir dire as to previous claims or actions against himself or his family, 63 A.L.R.2d 1061, 1063, where it is said:

"It has been recognized by those courts considering the question that whether or not the complaining party is or may have been prejudiced by the juror's failure to answer properly the question addressed to him is a matter primarily for the trial court's discretion any [sic] power, not subject to reversal unless abused."

In Peterson v. Skiles, 173 Neb. 470, 113 N.W.2d 628, 636–637 (1962), the Supreme Court of Nebraska held, in a similar fact situation to the case at bar:

"* * * [T]he question as to whether or not the complaining party was prejudiced by the juror's failure to answer properly is a matter primarily within the discretion of the trial court. In the ab-

sence of a showing of an abuse of discretion the ruling of the trial court thereon will not be reversed. * * *"

See also Beggs v. Universal C. I. T. Credit Corporation, 387 S.W.2d 499 (Mo.1965); Pearson v. Gardner Cartage Co., 148 Ohio St. 425, 76 N.E.2d 67 (1947), (Syllabus 2).

■ This rule comports with logic and common sense. The trial judge heard the questions posed on voir dire and answers thereto. He is in the best position to make findings on the question of probable prejudice after the testimony is developed orally, or by affidavit, on new trial motion. His conclusions are then subject to our review for abuse of discretion.

We said in Morris v. Zac Smith Stationery Co., 274 Ala. 467, 470, 149 So.2d 810, 813:

"The trial judge was present in court when the voir dire examinations took place; he was in position to observe the lawyers for both parties during their respective questions to the jurors on voir dire; he heard the tone of their voices and the time given between the questions that elicited answers from the jurors. The clarity of the questions propounded was also addressed to his judgment."

■ In the instant case appellant has not shown that the trial court abused its discretion in determining that there was no probable prejudice to appellant by virtue of these jurors' failure to respond to questions propounded on voir dire. The evidence adduced on this issue supports the findings of the trial court on remandment.

Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.

We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right [1] which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors.

To re-emphasize, we say that we will review the trial court's ruling on motion for new trial predicated on jurors' improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice.

As to the effect of an improper answer, or failure to answer, questions on voir dire, which had they been answered properly would have disclosed a challenge for cause, we offer no opinion since this issue was not raised in this case.

This case is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL, HARWOOD; BLOODWORTH, MADDOX and McCALL, JJ., concur.

COLEMAN, J., dissents.

1. Title 30, § 52, Code of Alabama 1940 (as Recompiled 1958).