283 So.2d 424

Mrs. Aileen MILLER and William Thomas Stewart, a minor

v.

Ronald Eugene SAMPLES.

SC 100.

Supreme Court of Alabama.

Sept. 27, 1973.

Hardin & Stuart, Birmingham, for appellants.

Charles A. Stewart, Jr., Birmingham, for appellee.

HEFLIN, Chief Justice.

This case was originally assigned to another member of this court on June 19, 1973 and reassigned to the writer on September 17, 1973.

This is an appeal from an order denying the motion for a new trial made by the plaintiffs-appellants. The appeal is from two cases consolidated for trial before a jury in which recovery was sought as a result of a traffic accident involving William Thomas Stewart, a minor, and the defendant-appellee, Ronald Eugene Samples. Both complaints (one by the minor, the other by his mother, Mrs. Aileen Miller) allege negligence on the part of the defendant-appellee. At the conclusion of the evidence, the jury returned a verdict for the defendant and the plaintiffs filed a motion for a new trial which, after a hearing, was overruled; hence this appeal.

The plaintiffs allege in substance that they did not receive a fair trial since one juror did not disclose on voir dire examination that he had previously been involved in an automobile accident causing personal injuries, had been named as a defendant in a lawsuit as a result thereof, and had been represented by the law firm of Huie, Fernambucq & Stewart in the matter. Because of the juror's failure to disclose these facts, it is alleged that the plaintiffs were prevented from making a reasonable and responsible use of their peremptory challenges. It is argued that the refusal of the trial court to grant a motion for a new trial in such a situation is an abuse of judicial discretion and is, therefore, erroneous.

In resolving the case at bar, the court need look no further than Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970) (on remand) and cases cited therein. In *Freeman*, the appellant contended, among other things, "that the trial court erred in refusing to grant a new trial on the ground that certain jurors failed to indicate in response to questions propounded by the attorneys for the parties whether any member of the venire had been plaintiffs or defendants in a lawsuit." After remand for the finding of additional facts,

the *Freeman* trial court found that two jurors had been defendants in collection suits, but that one such juror did not consider the collection action a lawsuit (the case being settled out of court) and the other was incapable of understanding the questions put to him on voir dire and also incapable of persuading any other juror in the deliberation room. Furthermore, the trial court found that the two jurors were not influenced in their deliberation by the suits filed against them.

The court in *Freeman* reiterated the general rules that "parties have a right to truthful answers to questions propounded on voir dire," (Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247, which followed Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. den. 245 Ala. 539, 18 So.2d 289) and "[t]he failure of prospective jurors to respond to questions properly propounded on voir dire entitles the movant to a new trial." Then this court went on to state that such general rule cannot be applied without regard to the factual background of a particular situation. The court held "that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is *whether this has resulted in probable prejudice to the movant*." (emphasis added) Moreover, the court emphasized that the grant or denial of the motion was within the discretion of the trial court and that this court "will review the trial court's ruling . . . only for abuse of discretion in its determination as to probable prejudice."

The court in *Freeman* promulgated the following guidelines to aid trial courts in their effort to determine probable prejudice.

"Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about."

In the case at bar, the hearing on the motion for a new trial produced these apparently undisputed facts: That Mr. Maldon Moore, a juror in the original trial, was named as a defendant in two lawsuits growing out of an automobile accident in 1966, and was represented by the firm of Huie, Fernambucq & Stewart; that Mr. Moore did not respond to voir dire questions because he was unaware he had been a defendant in a lawsuit and did not remember being served with a complaint or related papers and was not aware that he had ever been represented by the firm of Huie, Fernambucq & Stewart; that initially and up to the last of 6 or 8 ballots in the deliberation, Mr. Moore voted in favor of the plaintiffs; that such law firm represented Moore's insurance company which requested him to file an appearance on behalf of Mr. Moore and that Mr. Huie (the lawyer of the firm that handled the cases) had never talked with Mr. Moore either at his office or by phone; that Mr. Moore's cases were settled out of court; and finally that Mr. Moore did not know any member of the firm of Huie, Fernambucq & Stewart.

Based on the undisputed evidence taken at the hearing on the motion for new trial, this court cannot say that the trial court abused its discretion in its determination of probable prejudice.

Applying the *Freeman* guidelines to the case at bar, while it is clear that the questions on voir dire were not ambiguous and the matter inquired of is most material, still six years had intervened between Mr. Moore's accident and the trial of the case at bar, there is no evidence of willfulness on his part in failing to respond, and there is undisputed testimony that he did not recall being served with process of any kind

and did not know he was involved in a prior lawsuit.

This court concludes that the trial court did not abuse its discretion in overruling the motion for a new trial and the case is due to be affirmed.

Affirmed.

MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.