SHORES, Justice.
This is an appeal from a judgment entered on a jury verdict for the defendant, Dawn Lee, in a wrongful death action brought by Kathleen Curry as administra-trix of the estate of Lee Dale Curry. The suit was filed as the result of an automobile accident in which Lee Dale Curry was killed when his automobile collided head-on with an automobile driven by the defendant. We affirm.
A single issue is raised on this appeal, and that is whether the trial court erred in refusing to grant a new trial.
During voir dire examination in this action, counsel for the plaintiff asked whether any member of the venire had ever been a defendant in a lawsuit. Two members of the venire responded affirmatively to this question; the record does not indicate, however, whether these two veniremen were struck from the jury. Thereafter, a jury was empanelled, and this action was tried, resulting in a verdict for the defendant.
The plaintiff made a timely motion for a new trial with supporting affidavits maintaining that juror Annie 0. Parton, some twelve months prior to the trial of this action, had been a defendant in a suit brought in the Small Claims Division of the District Court of Talladega County. Plaintiff further asserted by affidavit that in reliance on the failure of Annie 0. Parton to give an affirmative response to the question, plaintiff did not strike her from the jury. By opposing affidavit, juror Annie 0. Parton stated that she was unaware she had been a defendant in a lawsuit, and that in any event, she had not been prejudiced in her decision in this case.
In Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970), the Court set forth the standard to guide the trial court in its determination of whether a new trial should be granted, based on the failure of a prospective juror to properly respond to a question propounded on voir dire:
“[T]he proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant....

“Although the factors upon which the trial court’s determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror’s inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.”
286 Ala. at 166, 167, 238 So.2d at 335, 336. Freeman held that the trial court would be reversed in this determination only for an *1282 abuse of discretion. We have consistently applied the Freeman standard in this circumstance. See, e.g., Estes Health Care Centers, Inc. v. Bannerman, 411 So.2d 109 (Ala.1982); Miller v. Samples, 291 Ala. 533, 283 So.2d 424 (1973); Bruno’s Food Stores, Inc. v. Burnett, 288 Ala. 222, 259 So.2d 250 (1972).
From the record it is evident that the trial court properly applied the Freeman standard. In his order denying plaintiffs motion for a new trial, the trial judge wrote:
“[CJounsel for the plaintiff, on voir dire examination, inquired of the panel whether any member of the venire had ever been a defendant in a lawsuit. One juror, Annie 0. Parton, failed to respond in the affirmative to this question. It developed subsequent to the verdict for the defendant that plaintiffs counsel determined that said juror, Annie 0. Par-ton, along with her husband, Lecile Par-ton, had been [a defendant] in a Small Claims Court proceeding by Liberty Loan Company to collect the sum of $337.73, which claim included attorney’s fee. A default judgment was entered in this case and the judgment was collected by a Writ of Garnishment issued to the employer of Lecile Parton. It is doubted that Annie 0. Parton ever actually knew that she was technically a defendant in a lawsuit. It was just another one of those ‘garnishees.’
“The Court is aware of the rule set forth by the Appellate Courts of this State which appears to be the general rule throughout the country. The rule has been stated by the Courts thusly: ‘We hold that the proper inquiry for the Trial Court on Motion For a New Trial, grounded on allegedly improper responses or lack of response by a prospective juror on voir dire is whether this has resulted in probable prejudice to the mov-ants.’
“The Court finds, from reviewing the evidence and applying the rule, that such failure to answer by juror, Annie 0. Par-ton, did not result in prejudice to the plaintiff....”
We hold that, under the facts here, there was no error in denying the plaintiff’s motion for new trial and, accordingly, affirm the judgment appealed from.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.