I respectfully dissent. The case of Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970), sets forth the standard against which the trial court tests allegedly improper responses to voir dire inquiries and the standard which this Court must apply in reviewing the trial court's rulings in those instances. In Freeman this Court held:
 "We hold that the proper inquiry for the trial court on motion for new trial, grounded on allegedly improper responses or lack of responses by prospective jurors on voir dire, is whether this has resulted in probable prejudice to the movant.
". . . .
 "This rule comports with logic and common sense. The trial judge heard the questions posed on voir dire and answers thereto. He is in the best position to make findings on the question of probable prejudice after the testimony is developed orally, or by affidavit, on new trial motion. His conclusions are then subject to our review for abuse of discretion.
". . . .
 "Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.
 "We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors.
 "To re-emphasize, we say that we will review the trial court's ruling on motion for new trial predicated on jurors' improper answers to (or failure to answer) questions propounded on voir dire only for abuse of discretion in its determination as to probable prejudice."
286 Ala. at 166-67, 238 So.2d at 335-36.
More recently, this Court has reaffirmed the tenets expressed in Freeman in its decisions in Curry v. Lee, 460 So.2d 1280
(Ala. 1984); Estes Health Care Centers, Inc. v. Bannerman,411 So.2d 109 (Ala. 1982); Cavalier Ins. Corp. v. Faulk,368 So.2d 6 (Ala. 1979); and Martin v. Mansell, 357 So.2d 964 (Ala. 1978).
At the hearing on the motion for new trial, Richburg testified as follows:
 "Q. Were you one of the jurors in the case of Tammy Wallace versus the City of Andalusia?
"A. Yes, sir.
 "Q. Were you in the courtroom when the Judge questioned ya'll about the relationship to anybody connected with a police officer?
"A. Yes, sir.
"Q. What is your name before you were married?
 "A. Okay. I've been married twice, but my maiden name is Cynthia Gail Harrell.
". . . .
"Q. You are a Harrell?
"A. My maiden name.
 "Q. Your maiden name is Harrell? Are you related to the Sheriff, Don Harrell?
 "A. Uh — my — we are supposedly third cousins, it's hard to explain it, but I don't know how. I ask my dad and that's how I know it. It's his daddy and Don's granddaddy, I think, is brothers.
"Q. Brothers? All right.
"A. Or something. *Page 524 
 "Q. When these questions were asked that day, did you answer as to having any relationship with sheriff Harrell?
"A. No, because I didn't — third cousins. . . .
"Q. You didn't think that was sufficient?
"A. No.
". . . .
 "Q. Mrs. Richburg, were you aware of what degree of relationship that you had with Don Harrell at the time on Monday when ya'll were qualified?
"A. No, sir.
 "Q. In your judgment, did the fact that you may have been related to Don Harrell in some way influence your deliberations on the case or the outcome of the case at all?
 "A. No, because I had my own opinion just like everyone else."
Inadvertent concealment and failure to recollect on the part of a prospective juror are pertinent factors which may be considered in a court's determination of whether the juror's lack of response to a question on voir dire resulted in probable prejudice. It seems clear, from Richburg's testimony, that inadvertence or lack of recollection was the cause of her failure to respond to plaintiff's question. I cannot conclude that the trial judge, who was present during voir dire examination and the hearing on the motion for new trial and had a chance to hear the questions and observe the attorneys and the juror, abused his discretion in denying plaintiff's motion for new trial.
MADDOX, J., concurs.