ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In the second paragraph of the argument of counsel for the State in support of its application for rehearing is the following:
“Under Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970), appellate review of denial of a coram nobis petition, where said petition is predicated upon a juror’s improper questions propounded on voir dire, is reviewed only for abuse of discretion by the trial court in its determination of probable prejudice.”
We are not certain whether counsel for the State by said quoted statement in his brief on application for rehearing that the cited case of Freeman v. Hall was an appeal from a ruling on a coram nobis petition. At any rate it should be clear that the case of Freeman v. Hall as cited constituted an appellate review of a denial of a motion for a new trial and not of a judgment denying a coram nobis petition.
The remainder of the argument of counsel for the State in support of its application for rehearing is as follows:
“Further, for coram nobis relief to be proper in such an instance, there must be an indicated prejudice to the petitioner, and the claimed error must have been a fundamental defect which inherently results in a miscarriage of justice. Keel v. United States, 585 F.2d 110, 114 (5th Cir.1978). In the case at bar, the appellant produced no such evidence. The only factual support, which in and of itself is suspect at best, is the hearsay testimony of a juror who was sought out and enlisted by defense counsel as support for the new trial motion. This juror, Sandra K. Resmondo, stated that one of her co-jurors had previously served as a juror in a ‘dope’ case wherein the female defendant was convicted. This same Ms. Resmondo further stated that she had been pressured into voting guilty and that she had lied to the trial court when polled as to whether the jury verdict of guilty was also her verdict.
“The State is truly at a loss to understand this Court’s automatic reversal without any discussion as to whether the rationale employed in O’Leary [v. State, 417 So.2d 219 (Ala.Cr.App. (1981)] is even applicable to this case and whether the factual differences in the two cases in anyway justifies further review of this Court.
“No discussion is made of whether the facts before the trial judge in the instant case were of such a nature and/or magnitude as to justify coram nobis relief. To the contrary the Court summarily dismisses the action of the trial court, without any analysis of the facts, credibility of witnesses, probable prejudice, or any other principle applicable to appellate review of the trial court’s denial of coram nobis relief.”
Notwithstanding the argument by counsel for the State in support of its application for rehearing, we find nothing in the authorities cited by said counsel nor in counsel’s argument to cause us to believe that the application for rehearing should be granted.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.