536 So.2d 957 (1987)
Paul Anthony JOHNSON
v.
STATE
2 Div. 511.
Court of Criminal Appeals of Alabama.
December 8, 1987.
On Return to Remand September 20, 1988.
Rehearing Denied October 28, 1988.
Certiorari Denied December 23, 1988.
Robert F. Prince, Tuscaloosa, for appellant.
Don Siegelman, Atty. Gen., and Beth Slate Poe, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-173 and 88-199.
TYSON, Judge.
This case is remanded for a hearing as to what transpired on record page 625 of the trial court record.
This court asks for clarification of the following:
"(Whereupon a bench conference was had on the record)" (R. 625)
The bench conference was not included in this record on appeal.
Prior to such hearing the trial court shall instruct the district attorney to furnish to the appellant's attorney a copy of the letter dated November 13, 1987 addressed to the Court of Criminal Appeals and all exhibits thereto attached. The district attorney should set forth such matters by written motion addressed to the trial court. The appellant's attorney shall also furnish the district attorney with copies of all such information as he may plan to introduce to correct this record.
Pursuant to A.R.A.P 10(f) the trial court shall then determine what matters should be contained in the corrected record and shall file a due return to this court which shall include appropriate written findings by the trial court as to such matters.
REMANDED WITH INSTRUCTIONS FOR A HEARING.
All the Judges concur.

ON RETURN TO REMAND
TYSON, Judge.
Paul Anthony Johnson was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment. The appellant was sentenced to life imprisonment in the state penitentiary.
On July 26, 1984, Francis Johnson, the victim, was found dead in the bedroom of her home by this appellant. The appellant was the victim's husband. The cause of death was strangulation and stab wounds in the chest.
The house where the murder occurred is located in Pickens County, Alabama.

I
The appellant asserts that the trial judge erred by denying his motion for a new trial based on a juror's failure to respond to a question during voir dire.
Defense counsel, Robert Prince, explained at the beginning of his questioning during voir dire that his questions applied to family members. Prince asked the jury venire the following: "Is there any member of the panel who is a police officer or a former police officer? That question would apply to your wife or husband. Any kind of law enforcement; highway patrol, deputy sheriff, city police?" (R. 30). The *958 following responses were given by members of the jury venire:
"PJ HESTER: Debra Hester. My husband is kinned to Dexter Hester.
"MR. PRINCE: All right. Your husband is related to Dexter Hester?
"PJ HESTER: Yes, sir.
"Mr. PRINCE: Does Mr. Hester work in Pickens County?
"PJ HESTER: Huh-uh.
"MR. PRINCE: Okay. Any other member of the panel thatyes, ma'am?
"PJ Junkin: My grandfather used to be in Northport.
"MR. PRINCE: In Northport, Alabama? What was your name?
"PJ Junkin: Wendy Junkin.
"MR. PRINCE: How long ago was that?
"PJ JUNKIN: Boyd was his name, and it was four or five years ago." (R. 30).
At the hearing on the motion for a new trial, Jeffrey Edgeworth, who sat on the appellant's jury, testified that his sister-in-law is a Pickens County Deputy Sheriff and was so employed when the appellant's trial took place. Edgeworth observed that his sister-in-law sat in the courtroom during the entire trial. Edgeworth further testified that he raised his hand to inform Prince about his relationship to a deputy sheriff. However, Prince did not see him when he raised his hand. Edgeworth stated that his being related to a deputy sheriff would not affect his ability to judge this appellant fairly from the facts.
An affidavit by the court reporter for the appellant's trial, Elise Smith, stated that she sat facing prospective jurors during the voir dire. Smith made a point to watch for people on the jury venire who went unnoticed when they raised their hands and notified the trial judge. Smith did not see anyone on the jury venire who raised their hand go unnoticed by the defense counsel.
Obviously, the trial judge and defense counsel also did not see Edgeworth raise his hand if, in fact, he did so. The trial judge, unfortunately, did not state his reasons for denying a new trial.
"[I]n this State the rule is well settled that `the failure of a juror to make a proper response to a question regarding his qualifications to serve as a juror, regardless of the situation or circumstances, does not automatically entitle one to a new trial. The proper inquiry in such cases is whether the defendant's rights were prejudiced by such failure to respond properly.' The test is not whether the defendant was prejudiced but whether he might have been."
Beauregard v. State, 372 So.2d 37, 41 (Ala. Crim.App.) writ denied, 372 So.2d 44 (Ala. 1979) (citations omitted).
"Although the factors upon which the trial court's determination of prejudice is made must necessarily vary from case to case, some of the factors which other courts have considered pertinent are: temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.
"We are mindful of the heavy responsibility placed on the trial court to maintain the statutory right which parties have to a full and truthful disclosure by jurors on voir dire. However, we must also be aware of inadvertent concealment and failure to recollect on the part of prospective jurors."
Smithson v. State, 50 Ala.App. 318, 320-321, 278 So.2d 766 (Ala.Crim.App.1973), quoting Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247 (1969). However, see Trahan v. State, 450 So.2d 1102 (Ala.Crim. App.1984).
We are aware that not every failure of a venireman to respond correctly to a voir dire question will entitle the losing party to a new trial. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970).
In Wallace By Inman v. Campbell, 475 So.2d 521 (Ala.1985), the plaintiff sued a police officer and the City of Andalusia, which is located in Covington County, for injuries sustained during a high speed chase with the police officer. One juror, Mrs. Richburg, failed to respond that she was a third cousin of the Covington County *959 Sheriff. At the hearing on the motion for a new trial, Richburg testified that the fact she was related to the sheriff did not influence her deliberation in the case or its outcome. The Alabama Supreme Court in reversing this case and requiring a new trial pointed out:
"[N]ot knowing that a potential juror is a relative of the county sheriff would probably result in prejudice to the plaintiff in an action against a local policeman when the sole issue litigated was the propriety of a high-speed automobile chase by a police officer seeking to make an arrest. It is highly unlikely that the plaintiff's lawyer would have chosen not to strike Mrs. Richburg had he known of her kinship to Sheriff Harrell. We are aware that not every failure of a venireman to respond correctly to a voir dire question will entitle the losing party to a new trial. See, e.g. Martin v. Mansell, 357 So.2d 964 (Ala.1978); Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). However, when the prejudice to the movant is probable, we must in fairness reverse the case and remand it for a new trial. Cavalier Insurance Corp. [v. Faulk, 368 So.2d 6 (Ala.1979)]"
Id. at 522. See Ex Parte Ledbetter, 404 So.2d 731 (Ala.1981).
In the instant case, the juror was the brother-in-law of a deputy sheriff of Pickens County. The juror's failure to disclose this relationship was highly material in light of this appellant's defense that the Pickens County Sheriff's Department, from the beginning, centered its entire investigation on the appellant and did not investigate any other suspects.
Under the circumstances, we will assume that the prejudice to this appellant was very likely and probable.
The fact that the juror testified at the hearing on the motion for a new trial that his relationship to the deputy sheriff did not affect his ability to judge the appellant fairly would not overcome the prejudice to the appellant. Wallace By Inman v. Campbell, supra.
Although the voir dire question of defense counsel was not "overly specific" it was "specific enough" and should have elicited a response. Ex Parte Poole, 497 So.2d 537, 542 (Ala.1986).
Defense counsel had a right to know that this juror was related to a deputy sheriff so that he could knowingly exercise his peremptory strikes. Morris v. Zac Smith Stationery Co., 274 Ala. 467, 149 So.2d 810 (1963). It is doubtful that, if defense counsel had known that a juror was related to the deputy sheriff, he would have let him serve on the appellant's jury.
It should be noted that defense counsel could have made his question clearer regarding a person being related to law enforcement officials. However, from the testimony given by juror Edgeworth at the hearing on the motion for a new trial, in our opinion it is clear that Edgeworth understood that the question as asked by defense counsel applied to his sister-in-law who, in fact, was a Pickens County Deputy Sheriff. Ex Parte Poole, 497 So.2d 537, 542 (Ala.1986).
Thus, in fairness to the appellant, this case must be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.