This appeal arises out of the trial court's denial of the defendants' motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The defendants claim that the motion should have been granted because the jury foreman failed to respond to a question on voir dire. We affirm.
On February 19, 1986, Charles R. Horton and several other individuals who were limited partners in The Atrium Hotel of Huntsville, Ltd. (hereinafter all referred to as "Horton"), filed suit, alleging, among other things, fraud, breach of contract, negligence, and wantonness, against the general partners, Frank Eaton and certain corporations with which he was affiliated (hereinafter he and the corporations are referred to as "Eaton"). The case was set for trial before a jury, and on August 29, 1988, the venire was questioned on voir dire. One of Eaton's attorneys asked the venire whether anyone had been a plaintiff in a case or was employed by anyone who had been a plaintiff in a case. John Wallace Goodwin, who later served as foreman of the jury, did not respond. On September 16, 1988, the jury returned a verdict against Eaton and assessed damages.
In support of the JNOV/new trial motion, Eaton cited several allegations of error, including juror Goodwin's failure to identify himself as a plaintiff in a pending action when Eaton's counsel propounded the question on voir dire. Eaton submitted several items in support of the motion: (1) a copy of a complaint filed by Goodwin and his wife against Sperry Rand Corporation and others, alleging fraud, breach of contract, conversion, and civil conspiracy; (2) the affidavits of four defense attorneys in this present case who stated that Goodwin did not respond when the venire was asked whether anyone had been a plaintiff in a lawsuit or had been employed by anyone who had been a plaintiff in a lawsuit (two of the attorneys stated that had Goodwin identified himself as a plaintiff in a case set for trial on September 19, 1988, he almost certainly would have been stricken, and, at a minimum, he would have been questioned about the nature of the action in which he was involved); (3) an order of the United States District Court for the Northern District of Alabama entered August 30, 1988, entering a partial summary judgment for the defendant inGoodwin Equipment Co. v. Unisys Corp.;[1] and (4) an order entered on September 15, 1988, in the Unisys case dismissing the action with prejudice pursuant to the parties' agreement. In the motion for new trial, Eaton stated, upon information and belief, that Goodwin had settled a claim against Unisys for $25,000 while he was a juror in the present case. Eaton argued that Goodwin had intentionally withheld vital information and that he was, therefore, entitled to a JNOV or a new trial.
Horton filed a response to the motion for JNOV or new trial. In the response, Horton stated that Eaton had not even attempted to show actual prejudice by Goodwin's failure to respond to the voir dire question, and had instead only hypothesized that had Goodwin responded, he would have been questioned further or he would have been stricken from the venire. Horton also noted that during the course of the trial, juror Goodwin called to the court's attention his pending litigation, that the court informed the attorneys that one of the jurors was involved in a case and, later, that the case had been settled. He also stated that Eaton's attorneys made no *Page 185 
attempt to question the juror or to pursue the matter in any way after they received the information. Eaton also submitted the affidavit of Juror Goodwin. Goodwin stated that he specifically recalled being asked on voir dire whether he had been sued, but that he did not understand that the members of the venire were also asked whether they had been plaintiffs.
The only issue now before us is whether the trial court abused its discretion in denying Eaton's motion for a new trial based on Goodwin's failure to answer on voir dire that he was a plaintiff in a pending lawsuit.
Initially, we note that the record contains no evidence indicating that Juror Goodwin was involved in any way with the federal case of Goodwin Equipment Co. v. Unisys Corp. The complaint and the order entering a partial summary judgment in that case, which were filed as attachments to Eaton's post-trial motion, show only that the plaintiff was Goodwin Equipment Company. Neither of these documents refers to John Wallace Goodwin or suggests that he had a relationship with Goodwin Equipment Company, and, therefore, they do not support Eaton's assertion that Juror Goodwin failed to disclose on voir dire that he was a plaintiff in a lawsuit.
We agree with Eaton that counsel and parties have a right to honest answers from venire members so that they can make fully informed decisions in striking the jury. We further agree that when prospective jurors fail to answer questions correctly, counsel and parties are denied that right. Martin v. Mansell,357 So.2d 964 (Ala. 1978). It is well established that when a trial court is presented with a motion for a new trial based on an improper response or a lack of response to a question on voir dire, the court must determine whether the response or lack of response has resulted in probable prejudice to the movant. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). The question of prejudice is primarily within the trial court's sound discretion, and its ruling on the motion for new trial will be reversed only upon a showing of an abuse of that discretion. Id. at 167, 238 So.2d 330 at 332. Furthermore, we have often noted that a trial court's denial of a motion for a new trial strengthens the presumption of the correctness of the jury's verdict. Moon v. Nolen, 294 Ala. 454, 318 So.2d 690
(1975).
In Moon v. Nolen, a juror failed to respond truthfully on voir dire, a fact that the appellant learned before the trial was over, but failed to raise with the court until after judgment was entered. The denial of the motion for new trial on those grounds was affirmed. In Williams v. Dan River Mills,Inc., 286 Ala. 703, 246 So.2d 431 (1971), an attorney failed to timely challenge a juror for cause. We affirmed the trial court's denial of the motion for new trial, noting that during the trial the attorney had become aware of facts sufficient to impose on him a duty to further investigate the situation if he was truly disturbed by the juror's presence on the jury.
This is the situation in the present case. The record now before us indicates that during the trial, counsel for the parties were informed, first, that one of the jurors was involved in a case set for trial the next week, and, second, that that case had been settled. Once Eaton was informed of these facts, he had a duty to further investigate the situation and voice his objection. Upon receiving this information, Eaton made no objections to the juror's continued service. Furthermore, Eaton made no inquiries into the nature of the lawsuit or into Juror Goodwin's suitability as a juror because of his involvement in that lawsuit. If Eaton intended to raise an objection to Goodwin's silence on voir dire, he should have done so promptly. Instead, we hold that, having concluded the case with notice of the facts and having taken the chance of a favorable verdict, Eaton has waived any objection to Goodwin's failure to respond; thus, the trial court did not err in denying the JNOV/new trial motion.
Based on the foregoing, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.
[1] This case was originally styled Goodwin v. Sperry Rand Corp.
(CV-83-2051) and was filed in the Circuit Court of Jefferson County. It was removed to the United States District Court for the Northern District of Alabama and restyled Goodwin EquipmentCo. v. Unisys Corp. (Civil Action No. 88-AR-1141-S). *Page 186