KENNEDY, Justice.
The defendant appeals from the denial of his motion for a new trial. The issue is whether a prospective juror’s failure to accurately answer questions on voir dire resulted in probable prejudice to the defendant.
*841 On May 24, 1990, 18-year-old Scotty L. Tucker graduated from high school. At a graduation party that night, the defendant, 30-year-old Gary Mitchell Reed, Jr., hit Tucker in the face. Tucker’s nose was broken in three places and required surgery. Tucker and Reed are first cousins, and both had been drinking when the incident occurred. Tucker sued Reed, alleging assault and battery.
At trial, Tucker’s attorney asked if any of the prospective jurors personally knew Reed. Juror Tammy Harden did not answer the question. The jury returned a verdict for Tucker for $13,620 in compensatory damages and $2,500 in punitive damages, and the court entered a judgment on that verdict.
Reed moved for a new trial, claiming that juror Tammy Harden did know him. At the hearing on Reed’s motion for a new trial, Reed testified that he and juror Harden had ridden the same school bus 16 or 17 years before and that on one occasion, during a ride on the bus, Harden struck Reed on the head with a cake pan. Reed testified that he had not recognized Harden at trial. Reed claimed that Harden came up to him at the courthouse on the day after the trial and asked, “How are you doing today?” Reed stated that he then recognized juror Tammy Harden as the Tammy Childers who had ridden his school bus. Juror Harden was not called to testify. The trial court denied the motion for a new trial.
Whether to grant or deny a motion for a new trial rests within the sound discretion of the trial court, and the court’s ruling on such a motion will not be disturbed on appeal absent an abuse of that discretion. Blackmon v. King Metals Co., 553 So.2d 105 (Ala.1989).
“The proper inquiry on a motion for a new trial based on improper or nonexistent responses to voir dire questions is whether the response, or the lack of response, resulted in probable prejudice to the movant. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). Not every failure of a prospective juror to respond correctly to a voir dire question will entitle the losing party to a new trial. Wallace v. Campbell, 475 So.2d 521 (Ala.1985).”
Union Mortgage Co. v. Barlow, 595 So.2d 1335, 1342 (Ala.1992).
“Some of the factors that this Court has approved for using to determine whether there was probable prejudice include: ‘temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror’s inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.’ ”
Barlow, 595 So.2d at 1342-43, quoting Freeman v. Hall, 286 Ala. 161, 167, 238 So.2d 330, 336 (1970).
The record reflects that it had been 16 or 17 years since juror Harden had ridden the school bus with Reed and had struck him with the cake pan. Also, the mere fact that Harden spoke to Reed after his trial does not show that Harden “personally knew” him. Given the length of time between the cake pan incident and Reed’s trial, it is certainly possible that Harden did not remember Reed at the time of the trial; There was absolutely no evidence presented that showed Harden willfully failed to respond to a question she should have responded to. The trial court did not abuse its discretion in denying the motion for a new trial.
Reed mentions an issue concerning statements made by the trial court in the presence of the jury, claiming those statements prejudiced him. However, Reed failed to argue that issue in his brief. We therefore, must deem that issue to have been waived. Issues not argued in a party’s brief are waived. Bogle v. Scheer, 512 So.2d 1336 (Ala.1987).
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.