This is a close call. From reading the record, I find no affirmative testimony indicating probable prejudice as a result of the jurors' failure to respond to questions asked during voir dire examination. Certainly, I would have voted to affirm on this issue, if the trial court had denied the Nixes a new trial. I faced this same problem in Land Associates, Inc. v.Simmons, 562 So.2d 140 (Ala. 1989) (Houston, J., concurring specially), cert. denied, 499 U.S. 918, 111 S.Ct. 1305,113 L.Ed.2d 240 (1991). I concur specially, after studying the following cases to make certain that plaintiffs and defendants have a level playing field when it comes to the denial or grant of new trials based on nonresponsiveness of jurors during voir dire: Ex parte Burton, 651 So.2d 659 (Ala. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1973, 131 L.Ed.2d 862 (1995);Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313 (Ala. 1992); Williston v. Ard, 611 So.2d 274 (Ala. 1992); Carter v. Henderson, 598 So.2d 1350 (Ala. 1992); Land Associates v.Simmons, 562 So.2d 140 (Ala. 1989); Bradford v. McGee,534 So.2d 1076 (Ala. 1988); Ensor v. Wilson, 519 So.2d 1244 (Ala. 1987); Gold Kist, Inc. v. Brown, *Page 724 495 So.2d 540 (Ala. 1986); Wallace v. Campbell, 475 So.2d 521
(Ala. 1985); Burroughs Corp. v. Hall Affiliates, Inc.,423 So.2d 1348 (Ala. 1982); Estes Health Care Centers, Inc. v.Bannerman, 411 So.2d 109 (Ala. 1982); Cavalier Ins. Corp. v.Faulk, 368 So.2d 6 (Ala. 1979); Martin v. Mansell,357 So.2d 964 (Ala. 1978); Miller v. Samples, 291 Ala. 533, 283 So.2d 424
(1973); Loch Ridge Construction Co. v. Barra, 291 Ala. 312,280 So.2d 745 (1973); and Hayes v. Boykin, 271 Ala. 588,126 So.2d 91 (1960).