CRAWLEY, Judge.
In July 1994, Eva Franklin and Charles B. Weatherby sued W.M. Brannoek, alleging several tort claims. Following a trial, the trial court entered a judgment based on a jury verdict for Brannoek. Franklin and Weatherby moved for a new trial, alleging, among other things, that the jury foreman, during voir dire, had concealed the fact that he knew one of the witnesses for Brannoek. The trial court denied the motion. Franklin and Weatherby appealed to the supreme court, which transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our supreme court has stated the law regarding juror responses to voir dire questions, as follows:
“[Cjounsel and parties have a right to honest answers from venire members so that they can make fully informed decisions in striking the jury. We further agree that when prospective jurors fail to answer questions correctly, counsel and parties are denied that right. Martin v. Mansell, 357 So.2d 964 (Ala.1978). It is well established that when a trial court is presented with a motion for new trial based on an improper response or a lack of response to a question on voir dire, the court must determine whether the response or lack of response has resulted in probable prejudice to the movant. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). The question of prejudice is primarily within the trial court’s sound discretion, and its ruling on the motion for new trial will be reversed only upon a showing of an abuse of discretion. Id. at 161, 238 So.2d 330 at 332. Furthermore, we have often noted that a trial court’s denial of a motion for a new trial strengthens the presumption of the correctness of the jury’s verdict. Moon v. Nolen, 294 Ala. 454, 318 So.2d 690 (1975).”
Eaton v. Horton, 565 So.2d 183 (Ala.1990).
During voir dire examination, Dan King, the lawyer for Franklin and Weather-by, asked the jury panel whether any of its members knew the parties or the witnesses. Gary Sanders, who became the foreman of the jury, indicated that he knew Brannoek from a “possible rental situation.” Later during voir dire, the following transpired:
“MR. KING: Now, I’m going to ask you if any of you know the following witnesses that may come up here and testify. Willie Daniels? Beverly Gue? Yes, sir.
“VENIREMAN GARY SANDERS: I know who she is.
“MR. KING: Okay, Gary.
“VENIREMAN GARY SANDERS: Sanders.
“MR. KING: Anybody else? Mrs. Beverly Gue, do any of you know Mrs. Beverly Gue in any way? Do any of you know Ken Keener? Ken Keener? Ken Keener? Okay.
“VENIREMAN BOBBY CAMPBELL: Where does he work?
“MR. KING: He’s an appraiser, real estate appraiser, I think, isn’t he?
“MR. FORD: Yes, was a fireman.
“MR. KING: Okay, Delores — do any of you know a Delores Allexander in any way? She works at AmSouth Bank. “VENIREMAN GARY SANDERS: I think I know her, too.”
Franklin and Weatherby argue that Sanders concealed the fact that he knew Ken Keener, an expert witness for Brannoek. Another juror testified that he saw Sanders talking to Keener during a recess and that he overheard Sanders tell Keener that he had already made up his mind. At the hearing on the question of jury misconduct, Sanders testified that he had acknowledged that he knew Keener, by raising his hand, and no *234 one contradicted that statement. Sanders also denied that he told Keener that he had already made up his mind. The trial court merely resolved the conflicts in the testimony before it, and it did not abuse its discretion by denying Franklin and Weatherby’s motion for a new trial. We conclude that Franklin and Weatherby have failed to show that Sanders concealed that he knew Keener. Furthermore, Franklin and Weatherby’s evidence that a juror had observed Keener and Sanders together fails to show prejudice resulting from Sanders’s response to the voir dire questions. Eaton, supra. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.