Unicare, Inc., appeals from a judgment based upon a jury verdict awarding Felicia Peoples Hood, as personal representative of the Estate of Willie Hazel Strickland, deceased, $5 million. Hood filed a complaint for the allegedly wrongful death of Strickland, her mother, on April 8, 1995. The jury returned its verdict on December 8, 1999, and the trial judge entered judgment in accordance with the verdict on that same day.
On January 7, 2000, Unicare filed a comprehensive post-judgment motion, requesting oral argument. The motion alleged that the verdict was excessive, and specifically requested "that the Court schedule a hearing in order to consider the factors outlined by Green Oil Co. v. Hornsby,539 So.2d 218 (1989) for a post-verdict review of an award of punitive damages and BMW [of North America, Inc.] v. Gore, 517 U.S. 559 (1996)." Additionally, the motion alleged that two jurors had improperly failed to answer questions by the trial judge during voir dire concerning their prior representation by either of the law firms representing Hood.
The trial court did not hold the hearing requested by Unicare. Instead, the trial court denied the post-judgment motion on January 14, 2000, without explanation.
The post-judgment motion included a motion for a remittitur, challenging the jury's award as excessive. Hood concedes that the trial judge erred in denying the motion for a remittitur without providing a statement of the reasons for such denial. Therefore, we remand this case for the trial court to enter an order stating the reasons supporting its denial of the motion for a remittitur. See Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986). On remand, the trial court is directed to enter an order in compliance with Hammond, and to file a return with this Court within 56 days after the release of this opinion.
Rule 59(g), Ala.R.Civ.P., provides that post-trial motions "shall not be ruled upon until the parties have had opportunity to be heard thereon." This Court has held that when a hearing is requested pursuant to Rule 59(g), the trial court errs in not granting a hearing. Kitchensv. Maye, 623 So.2d 1082 (Ala. 1993). Unicare unambiguously requested a hearing and, therefore, we hold that the trial judge erred in not affording Unicare an opportunity to be heard on its post-judgment motion.
In addition to the damages issue, the hearing on remand must also address Unicare's allegations concerning the allegedly improper failure by two jurors to answer questions during voir dire concerning their prior representation by the law firms representing Hood. Where such allegations are made, the trial court must inquire as to whether Unicare was probably prejudiced.
 "In determining the merits of a motion for a new trial that is grounded on allegedly improper responses, or a lack *Page 1254 
 of responses, by veniremembers during voir dire, the trial court must inquire as to whether the movant was probably prejudiced. If probable prejudice resulted from the veniremember's actions during voir dire, then the motion for new trial must be granted. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). In Freeman, the Court noted some of the factors that may be considered pertinent to the question of prejudice. Among those factors are `temporal remoteness of the matter inquired about, the ambiguity of the question propounded, the prospective juror's inadvertence or willfulness in falsifying or failing to answer, the failure of the juror to recollect, and the materiality of the matter inquired about.' 286 Ala. at 167, 238 So.2d at 336. The question of prejudice is a matter within the trial court's discretion. Eaton v. Horton, 565 So.2d 183 (Ala. 1990)."
Ayers v. Lakeshore Community Hosp., 689 So.2d 39, 42 (Ala. 1997) (emphasis added). Without an adequate record, this Court cannot determine whether the trial court abused its discretion in denying the motion for new trial.
When the trial court files its return in this Court, the appellant will have 14 days to file a brief to argue its positions; the appellee will then have 7 days in which to respond. Following the filing of the appellee's brief, the appellant will then be given 7 days to file a reply brief.
REMANDED WITH INSTRUCTIONS.
Moore, C.J., and Houston, Lyons, and Johnstone, JJ., concur.